**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-cr-60282-BLOOM**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SERGIO ERNESTO CERVERA PEREZ,

    Defendant.
_____/

**ORDER ON MOTION FOR COMPASSIONATE RELEASE**

**THIS CAUSE** is before the Court upon Defendant Sergio Ernesto Cervera Perez's ("Defendant") Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. [54] ("Motion"). The Government filed its Response, ECF No. [55], and Defendant has not replied. The Court has carefully reviewed the Motion, all opposing and supporting submissions, any relevant exhibits, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is denied.

**I. BACKGROUND**

On December 17, 2019, Defendant pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A). ECF No. [31]. On February 28, 2020, this Court sentenced Defendant to a total term of imprisonment of 41 months, followed by a five-year term of supervised release. ECF No. [48]. Defendant is currently housed at FCI McDowell in Welch, West Virginia, and is scheduled to be released from custody in August 2022.

In the Motion, Defendant requests a reduction in sentence due to the ongoing COVID-19 pandemic, arguing that the existence of COVID-19 itself is an extraordinary and compelling circumstance warranting his release. The Government opposes the Motion, arguing that compassionate release is not warranted in this case because there are no extraordinary and compelling reasons and because the § 3553(a) factors do not support a sentence reduction.

SARS-CoV-2, the novel coronavirus, and COVID-19, the disease it causes, have spread across the world and have impacted every person's life. The United States is currently reporting more confirmed cases of COVID-19 and resulting deaths than any other country, with more than 29,650,000 confirmed cases and almost 540,000 reported deaths as of March 22, 2021.[1] The COVID-19 pandemic poses a serious danger to society at large. Moreover, COVID-19 poses a higher risk to incarcerated individuals who are unable to practice public health precautions that are otherwise available to the general public, such as social distancing practices.

As a result of this dynamic, unpredictable, and unprecedented situation, Attorney General William Barr has urged the Bureau of Prisons ("BOP") to move vulnerable inmates out of penal institutions and into home confinement, where appropriate. *See* Mem. from Attorney Gen. William Barr for Dir. of Bureau of Prisons re: Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (Apr. 3, 2020), https://www.justice.gov/file/1266661/download ("Memorandum"). The Memorandum identifies several facilities that have been particularly affected and should be given priority in the BOP's consideration of implementing home confinement, including FCI Oakdale, FCI Danbury, and FCI Elkton. *Id.* at 1. The Attorney General has made the express finding that extant emergency conditions are materially affecting BOP functioning and has directed the BOP to immediately maximize transfers to home confinement for

---

[1] *Cases of Coronavirus Disease (COVID-19) in the U.S.*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last updated Mar. 22, 2021).

all eligible inmates at the specifically named facilities and other similarly situated facilities where COVID-19 is materially affecting operations. *Id.* The Memorandum further directs the BOP to review all inmates who have COVID-19 risk factors, as established by the Centers for Disease Control and Prevention ("CDC"), to determine their suitability for home confinement, while also emphasizing the importance of protecting the public from individuals who may pose a danger to society, and recognizing the need to avoid over-burdening law enforcement with "the indiscriminate release of thousands of prisoners onto the streets without any verification that those prisoners will follow the laws when they are released . . . and that they will not return to their old ways as soon as they walk through the prison gates." *Id.* at 2-3. Finally, the Memorandum stresses the need for careful and individualized determinations regarding the propriety of releasing any given inmate to home confinement and discourages indiscriminate releases. *Id.* at 3.

## II. DISCUSSION

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v.*

*Rivas*, 800 F. App'x 742, 745 (11th Cir. 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Defendant here seeks compassionate release, pursuant to § 3582(c)(1)(A), which states:

> (c) **Modification of an imposed term of imprisonment**.— The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
>>> (i) extraordinary and compelling reasons warrant such a reduction . . . .
>>> . . . .
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

As has been recognized by various courts, the Sentencing Commission ("Commission") has not implemented a new policy statement following the First Step Act. *See United States v. Brown*, 411 F. Supp. 3d 446, 449 n.1 (S.D. Iowa 2019) (collecting cases). Rather, the existing policy statement still assumes compassionate release "may be granted only upon motion by the Director of the Bureau of Prisons." U.S. Sent'g Guidelines Manual § 1B1.13 cmt. n.4 (U.S. Sent'g Comm'n 2018).

> This leaves district courts in a conundrum. On the one hand, Congress unequivocally said it wishes to "[i]ncreas[e] the [u]se . . . of [c]ompassionate [r]elease" by allowing district courts to grant petitions "consistent with *applicable* policy statements" from the Sentencing Commission. § 3582(c)(1)(A) (emphasis added). On the other hand, the Commission—unable to take any official action— has not made the policy statement for the old regime applicable to the new one.

*Id.* at 449.

While the Court of Appeals for the Eleventh Circuit has yet to address the issue,[2] four other circuits have recognized that the Commission lacks an applicable policy statement for when a district court can grant compassionate release, and have accordingly held that § 1B1.13 does not apply to cases where a defendant files a motion for compassionate release, rather than the BOP. *See United States v. Brooker*, 976 F.3d 228, 234-36 (2d Cir. 2020) ("[T]hough motions by the BOP still remain under the First Step Act, they are no longer exclusive, and we read the Guideline as surviving, but now applying only to those motions that the BOP has made."); *United States v. McCoy*, 981 F.3d 271, 281-82 (4th Cir. 2020) ("By its plain terms, in short, § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)."); *United States v. Jones*, 980 F.3d 1098, 1108-09 (6th Cir. 2020) ("[T]he passage of the First Step Act rendered § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release."); *United States v. Gunn*, 980 F.3d 1178, 1180-81 (7th Cir. 2020) ("[T]he Guidelines Manual lacks an 'applicable' policy statement covering prisoner-initiated applications for compassionate release. District judges must operate under the statutory criteria—'extraordinary and compelling reasons'—subject to deferential appellate review.").

> Courts across the country . . . still rely on § 1B.1.13 for guidance as to the "extraordinary and compelling reasons" that may warrant a sentence reduction. *See* [*United States v. Drummond*, No. 1:97-cr-0019 (N.D. Ga. Sept. 27, 2019)] (viewing § 1B.1.13 as "non-binding guidance"); *see also United States v. Solis*, No. 16-015-CG-MU, 2019 WL 2518452, at *2-3 (S.D. Ala. June 18, 2019); *United States v. Heromin*, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019). However, the Court is not *limited* to the technical requirements set forth in

---

[2] *See United States v. Abreu*, No. 20-12208, 2020 WL 7774951, at *1 n.1 (11th Cir. Dec. 30, 2020) (noting that the Eleventh Circuit has "not issued a published opinion addressing several key issues about the First Step Act's recent amendments to § 3582(c)(1)(A)—like, for example, the standard of review, any procedural and jurisdictional requirements, or the definition of 'extraordinary and compelling circumstances'—although several cases have been classified for oral argument to resolve these questions. *See, e.g.*, *United States v. McKreith*, appeal no. 20-10450; *United States v. Bryant*, appeal no. 19-14267; *United States v. Friedlander*, appeal no. 19-13347.").

> § 1B1.13 in assessing whether a defendant's application for compassionate release provides "extraordinary and compelling reasons" for a sentence reduction under § 3582(c)(1)(A)(i). *See, e.g.*, [*United States v. Ullings*, No. 1:10-cr-00406, 2020 WL 2394096, at *2 (N.D. Ga. May 12, 2020)] (citing *United States v. Perez*, 451 F. Supp. 3d 288, 294 (S.D.N.Y. 2020)); *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019) ("While the old policy statement provides helpful guidance, it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i)."); [*United States v. Beard*, No. 1:16-CR-285-SCJ (N.D. Ga. June 25, 2020); *United States v. Kowalewski*, No. 2:13-CR-00045-RWS (N.D. Ga. Apr. 30, 2020); *United States v. Hill*, No. 1:05-CR-0081-LMM (N.D. Ga. June 10, 2020); *United States v. Noble*, No. 1:09-CR-315-MHC (N.D. Ga. Nov. 24, 2020)].

*United States v. Poulnott*, --- F. Supp. 3d ---, No. 1:89-cr-00001-AT-ALC-1, 2020 WL 7974295, at *3 (N.D. Ga. Dec. 30, 2020).

Upon review, the Court agrees with the reasoning of the Circuit Courts across the country concluding that courts are not bound by § 1B1.13, and notes that this reasoning seemingly complements the Eleventh Circuit's recent observation that the policy statement in § 1B1.13 "'notably' has not been updated since the passage of the First Step Act and refers only to motions filed by the Director of the Bureau of Prisons." *United States v. Hewlett*, No. 5:93-CR-00137-SLB-SGC-2, 2020 WL 7343951, at *4 (N.D. Ala. Dec. 14, 2020) (quoting *United States v. Gist*, No. 20-13481, 2020 WL 7227282, at *1 (11th Cir. Dec. 8, 2020)). Thus, while § 1B1.13 provides useful guidance for addressing motions for compassionate release, the Court concludes that it is not bound by this guidance.

Moreover, § 3582 delineates how this Court should analyze whether a defendant is entitled to a sentence modification.

> *First*, when the defendant brings the motion himself, the Court must ascertain whether he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [whether there has been a] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the Court should "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *Id. Third*, the Court should turn to the "extraordinary and compelling reasons" test . . . . And *fourth*, the Court should determine whether the

>defendant poses a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*

*United States v. Stuyvesant*, 454 F. Supp. 3d 1236, 1238 (S.D. Fla. 2020).

Thus, in order to grant Defendant's request pursuant to § 3582(c)(1)(A), the Court must: (1) find that Defendant has exhausted his administrative remedies with the BOP; (2) weigh the relevant § 3553(a) factors; (3) conclude that extraordinary and compelling reasons warrant compassionate release in this case; and (4) determine that Defendant is not a danger to the community. Moreover, Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

As an initial matter, the Court recognizes that Defendant has exhausted his administrative remedies in this case, and the Government concedes that the exhaustion requirement is satisfied. ECF No. [55] at 9. Nevertheless, Defendant's Motion is due to be denied because it fails to demonstrate the existence of extraordinary and compelling circumstances that would justify his release under § 3582(c). Defendant explains that the existence of COVID-19 itself is an extraordinary and compelling circumstance warranting his release. The Government, on the other hand, argues that COVID-19 on its own is neither extraordinary nor compelling, and notes that the virus is nonetheless being actively and effectively managed within the BOP's facilities.

The Court is certainly sympathetic to Defendant's concerns regarding COVID-19 outbreaks in prison facilities. However, Defendant has no significant health issues that put him at an increased risk of contracting a life-threatening case of COVID-19. Furthermore, Defendant has yet to serve even half of his sentence, thus making compassionate release inappropriate here.

Indeed, "the BOP Director has not found COVID-19 alone to be a basis for compassionate release." *United States v. Harris*, No. 2:12-cr-140-FtM-29DNF, 2020 WL 1969951, at *2 (M.D. Fla. Apr. 24, 2020) (citing *United States v. Eberhart*, No. 13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence . . . .")); *see also United States v. Kelly*, No. 2:03-cr-126-FtM-29, 2020 WL 2039726, at *1 (M.D. Fla. Apr. 28, 2020) (The "defendant does not allege any extraordinary or compelling circumstances to support compassionate release."). Thus, absent any significant or deteriorating medical condition that would justify modifying Defendant's sentence, the Court concludes that no extraordinary or compelling circumstances exist here. As such, Defendant's Motion is denied.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [54]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 23, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Sergio Ernesto Cervera Perez
Moshannon Valley Correctional Facility
555 Geo Drive
Philipsburg, PA 16866